UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-cr-20604-ALTONAGA

UNITED STATES OF AMERICA,

vs.

LUIS EDUARDO CARVAJAL PEREZ,
    a/k/a "Rambo"
    a/k/a "Gustavo Gonzalez-Sanchez"

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the Court following an Order of Reference from the Honorable Cecilia M. Altonaga, United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant Luis Eduardo Carvajal Perez ("Defendant"). [ECF No. 241]. Based upon the change of plea hearing conducted on November 29, 2022, the undersigned makes the following findings and recommends that the guilty plea be accepted.

    1.    The undersigned advised Defendant of his right to have these proceedings conducted by Judge Altonaga, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Reference from Judge Altonaga. I further advised Defendant that Judge Altonaga would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did have the right to have the change of plea hearing conducted

by Judge Altonaga. Defendant, who stated that he had discussed his right to have the hearing conducted by the District Judge with his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges and with Federal Rule of Criminal Procedure 11. Defendant appeared personally in Court before the undersigned and was placed under oath.

3. Defendant pled guilty to Counts 1, 2, 3, and 4 of the Superseding Indictment filed in this case, which charge him with the following violations: Title 46, United States Code, Section 70503(a), and Title 21, United States Code, Section 960(b)(1)(B) (Conspiracy to possess cocaine with intent to distribute while on board a vessel subject to the jurisdiction of the United States) (Count 1); Title 21, United States Code, Sections 959 and 963 (Conspiracy to distribute cocaine knowing it would be imported into the United States) (Count 2); and Title 18, United States Code, Section 1512(c)(2) (Obstruction of Justice) (Counts 3 and 4). I advised Defendant that as to Counts 1 and 2, the Court must impose a minimum penalty of ten (10) years imprisonment, and that the maximum penalty the Court may impose for each of Counts 1 and 2 is a sentence of life imprisonment, followed by a maximum term of supervised release of life. I also advised Defendant that the maximum penalty the Court may impose for Counts 3 and 4 is a sentence of twenty (20) years imprisonment, followed by a maximum term of supervised release of three (3) years. I further advised Defendant that in addition to any term of imprisonment, the Court may impose a fine of up to $250,000 per count pursuant to 28 U.S.C. § 3571, in addition to a mandatory special assessment of $100 per count, which is due at the time of sentencing. I also advised Defendant that if he is not a United States citizen, his conviction may lead to his

removal from the United States. Defendant acknowledged that he understood the possible penalties, including the minimum and maximum penalties that could be imposed in the case.

4. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crimes charged.

5. The parties had agreed to certain terms for Defendant's plea and entered into a written plea agreement. I reviewed the terms agreed to by the parties on the record, including the following: Defendant will plead guilty to Counts 1, 2, 3, and 4 of the Superseding Indictment; the parties will jointly recommend that the Court impose a sentence without regard to any statutory minimum sentence if Defendant satisfies the requirement of Section 5C1.2 of the Sentencing Guidelines (which I explained on the record); the parties agree to a 38-level increase in Defendant's base offense level for Counts 1 and 2 based on the amount of cocaine at issue being greater than 450 kilos; the parties agree to a two-level reduction in Defendant's base offense level based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility; the Government agrees that if at the time of sentencing Defendant's offense level is determined to be sixteen or greater, the Government will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines if Defendant fully cooperates with the probation office and does not commit any misconduct after entering into the plea agreement; the parties agree to a two-level "Safety Valve" reduction in

Defendant's base offense level; and the parties agree to a fourteen-level increase in Defendant's base offense level for Counts 3 and 4. Based on the foregoing, the parties agree to a Guideline calculation of a total offense level of 35 with an Advisory Guideline Range of 168-210 months and that the United States will not seek any other enhancements. There were no other agreements regarding application of the Sentencing Guidelines or other enhancements or reductions that may be raised by the United States Probation investigation.

6. The parties notified the Court that they have not identified any property subject to forfeiture, but that Defendant will cooperate fully with the Government in the identification of assets subject to forfeiture.

7. Defendant also waived his right to appeal his sentence unless the government files an appeal and/or his sentence exceeds the maximum permitted by statute and/or is the result of an upward departure or a variance from the guideline range that the Court establishes at sentencing. Based upon the Defendant's acknowledgement and responses to my questions during the hearing, the undersigned finds that Defendant's waiver of his right to appeal his sentence in this case is knowing and voluntary

8. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant also indicated that he has reviewed discovery with counsel and discussed possible defenses he may have to the charges against him.

9. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences

of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

10. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts 1, 2, 3, and 4 of the Superseding Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offenses as charged.

11. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. Sentencing has been set for January 31, 2023, at 10:30 AM before Judge Altonaga. [ECF No. 246].

12. Although this Report and Recommendation is entered this 2nd day of December, the undersigned made her findings and announced them to the parties in open Court on November 29, 2022. Therefore, the parties will have fourteen (14) calendar days from November 29, 2022, within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 2nd day of December 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Cecilia M. Altonaga
Counsel of Record